# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DEON DIMITRI MCGHEE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No.  16-cv-1122 |
| JEFFREY KRUEGER, in his capacity as Warden of FCI PEKIN, | ) ) ) ) | Honorable Joe B. McDade |
| Respondent. | ) | |

## OPINION & ORDER

On April 25, 2016, Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241 seeking immediate release from the custody of the Bureau of Prisons ("BOP") on the ground that his proper term of imprisonment had expired. (Doc. 1). He alleges that the BOP has not properly computed his term of imprisonment by failing to account for time he spent in presentence custody and good time credit he has earned. (Doc. 1 at 2). On July 6, 2016, the Government responded to Petitioner's petition with substantial legal and factual explanation of why the petition fails on its merits. (Doc. 10). Petitioner has now filed a motion to expedite ruling on his petition and an intention to forego his right to file a reply brief to the Government's response and rely on the argument presented in his original 2241 petition. (Docs. 13, 14). For the reasons stated below, Petitioner's petition for habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. All other motions are terminated as moot.

1

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois under a federal sentence imposed by a United States District Court in Minnesota. Petitioner challenges the execution of his sentence and argues that the BOP has miscalculated the certain good time credit, completion of certain drug treatment courses, and time he already served in custody before his sentence was imposed.

In September 2012, a Minnesota state court revoked Petitioner's probation and on October 10, 2012, sentencing him to a 365 day term-of-imprisonment with credit for ninety days in pre-trial custody. (Doc. 10-2 at 37). On October 15, 2012, Petitioner was indicted on several federal crimes. On October 24, 2012, the United States District Court for the District of Minnesota issued a Writ of *Habeas Corpus Ad Prosequendum* and a Warrant for Arrest for Petitioner as Petitioner was in state custody exclusively at the time. On that same day, he was removed from the exclusive custody of the state of Minnesota pursuant to the Writ of *Habeas Corpus Ad Prosequendum*, (Doc. 10-2 at 73). Thereafter, he spent 262 days in Sherburne County Jail in Minnesota, the majority of that time still under the state sentence for his probation revocation. That state sentence ran out on March 13, 2013. However, Petitioner was also being held by the state of Minnesota for sentencing for a domestic assault/terroristic threat conviction. (Doc. 10-2 at 21). The State of Minnesota characterized Petitioner's stay in Shelburne County jail as "dual commitment" on one of its forms submitted by the Government. (Doc. 10-2 at 78). On July 16, 2013,

Petitioner was sentenced by the Minnesota state court to twenty-one months incarceration with 310 days credited for time served. His "Maximum Expiration Date" was set for June 9, 2014. Petitioner was released from his state sentence for the domestic violence/terroristic threat conviction on November 11, 2013.

Meanwhile, in January 2013, Petitioner pled guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841 and 846. (Docs. 1 and 295, *United States v. Banks, et. al.*, No. 0:12-cr-00253-MJD-JSM-8 (D. Minn.)). He was sentenced to a total of sixty months imprisonment and four years supervised release on September 24, 2013. (Doc. 453, *United States v. Banks, et. al.*, No. 0:12-cr-00253-MJD-JSM-8 (D. Minn.)). His release date presented on the BOP website is March 15, 2017. (https://www.bop.gov/inmateloc/).

## LEGAL STANDARDS

Federal prisoners may utilize 28 U.S.C. § 2241 to challenge the execution of their sentences. *McCall v. United States*, 304 F. App'x 449, 450-51 (7th Cir. 2008) (citing *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). In this case, the threshold inquiry is whether the Petitioner has demonstrated that he is being held in custody in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## DISCUSSION

**Prior Time Served**

Petitioner argues that he should have received "pretrial credit from the day the U.S. Marshall (sic) took custody over [him on] 10/24/2012 to the day of

sentencing". (Doc. 1 at 9). Petitioner is incorrect. Petitioner was not held in the exclusive custody of the U.S. Marshal awaiting sentencing for his federal offense. He was under dual custody serving out his state court sentences. His state sentence ran out on November 11, 2013, <u>after</u> his federal sentence began to run.

Title 18, United States Code, Section 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Paragraph (b) of the same section provides that **a** defendant <u>shall</u> be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences <u>as a result of</u> the offense for which the sentence was imposed or as a result of any other charge for which he was arrested after the commission of the offense for which the sentence was imposed <u>that has not been credited against another sentence</u>. 18 U.S.C. § 3585(b) (emphasis added). A federal prisoner has no right to prior time served credit toward a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum issued to secure the prisoner's presence from state officials. *See Flick v. Blevins,* 887 F.2d 778, 782 (7th Cir. 1989).

Thus, Petitioner is not entitled to pre-sentence credit against his federal sentence for the time he spent in the primary custody of Minnesota state authorities from September 10, 2012, through the date of his federal sentence on September 24,

2013, save for five days in June 2013 that already had been credited toward his federal sentence. (Doc. 1 at 20).

**Good Conduct Time & Other Credit**

Petitioner also argues he should receive additional good time credit towards his term of incarceration. (Doc. 1 at 9). He argues that he is entitled to only have to serve eighty-five percent of his sentence. Since he was sentenced to sixty months, Petitioner opines that fifteen percent of his sentence, which is nine months, should have been subtracted from the sixty months as an initial calculation.

This aspect of federal terms of imprisonment is governed by 18 U.S.C. § 3624(b), which provides in relevant part that "a prisoner… may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The BOP has interpreted this statute to authorize it to award good time credit towards time actually served, not the length of the sentence imposed and the BOP's interpretation has been upheld by several federal appellate courts, including the United States Supreme Court and the Seventh Circuit Court of Appeals, whose legal precedents this Court must follow. *See Barber v. Thomas,* 130 S.Ct. 2499 (2010) and *White v. Scibana,* 390 F.3d 997 (7th Cir. 2004). The BOP has calculated Petitioner's good time credit at 235 days. Petitioner has not challenged the calculation of this amount, rather he contends that his term of imprisonment should

5

have been adjusted as an initial matter based upon the length of his sentence, not the actual time served. As discussed above, the argument that the BOP should interpret 18 U.S.C. § 3624(b) in such a way as to afford good time credit to the length of one's sentence has been considered by several courts, and rejected. Therefore, it has no merit.

Lastly, Petitioner also argues he should receive twelve months credit for completing a residential drug abuse program. The Government does not dispute that and the BOP has already included a twelve month credit in its computation of Petitioner's projected release date. (Doc. 10 at 6; Doc. 10-2 at 105). Therefore, this point has no merit either.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. Petitioner's other motions are terminated as moot. Case Terminated.

**SO ORDERED**.

Entered this 3rd day of August, 2016.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
